| | |
|---|---|
| MYLES BAKER,<br><br>                             Petitioner,<br><br>vs.<br><br>LARA BREUCHE,<br><br>                             Respondent. | Civil Action No.: |

**PETITION TO COMPEL ARBITRATION**

Petitioner, Myles Baker ("Petitioner"), by his attorneys, as and for his Petition to Compel Arbitration pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. §1, *et seq.*, states as follows:

**Nature Of The Action**

1. This is an action brought pursuant to §4 of the Federal Arbitration Act, 9 U.S.C. §4, to compel arbitration. Pursuant to written Franchise Agreements (defined below) entered into by and between Respondent Lara Breuche and Petitioner's employer, Premier Franchising Group, Inc. ("PFG"), Respondent agreed to submit all disputes (including disputes with PFG's officers, such as Petitioner) arising under, as a result of, or in connection with the Franchise Agreements or her franchise relationship with PFG to arbitration in Tennessee before the American Arbitration Association.

2. Notwithstanding her agreement to arbitrate, Respondent recently named Petitioner as a defendant in an action she filed in the Chancery Court for Davidson County, Tennessee,

Twentieth Judicial District at Nashville, entitled *William Anthony, et al. v. Brent Seebohm, et al..*, Civil Action No. 23-0643-III (the "State Court Lawsuit"). The Complaint in the State Court Lawsuit (the "State Court Complaint") alleges, among other things, that Petitioner was involved in misconduct when selling Respondent her franchises and failing to provide appropriate support after she became a franchisee.

3. By this action, Petitioner seeks to compel arbitration of Respondent's claims against him in the State Court Lawsuit and to enjoin Respondent, and anyone acting in active concert or participation with her, from prosecuting (other than in arbitration) any claims against him that arise under, as a result of, or in connection with the Franchise Agreements, including without limitation the claims asserted in the State Court Lawsuit.

## The Parties

4. Petitioner is a Tennessee citizen and resident of this Judicial District. At all relevant times, Petitioner was a Vice President of PFG. PFG is the franchisor of the Premier Martial Arts® studio system. It is engaged in the business of granting franchises to qualified persons to operate businesses that focus on personal development through martial arts training.

5. Respondent Lara Breuche is a resident and citizen of the State of New Jersey. Respondent operates a Premier Martial Arts® franchise and is personally bound by the obligations in the Franchise Agreements, including without limitation the obligation to arbitrate.

## Jurisdiction and Venue

6. This action arises under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq*.

7. This Court has original subject matter jurisdiction of this action in that, save for the parties' agreement to arbitrate, this Court would have jurisdiction under 28 U.S.C. § 1332 in that the parties are citizens of different States and the matter in controversy exceeds the sum or

2

value of $75,000, exclusive of interest and costs, as evidenced by, among other things, the prayer for relief in the State Court Lawsuit, which states that it seeks "not less than $6,500,000.00" in damages, in addition to other relief.

8. Venue is proper in this Court under 9 U.S.C. §4, in that this is the United States District Court having jurisdiction over the contractually specified site of arbitration, Knox County, Tennessee, and under 28 U.S.C. §1391, in that a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

### The Franchise Agreements and The Parties' Arbitration Agreement

9. On or about August 1, 2019, Respondent entered into ten identical franchise agreements (the "Franchise Agreements") with PFG pursuant to which PFG permitted Respondent to operate Premier Martial Arts® franchises in New Jersey subject to their terms. (A true and correct copy of one of the identical Franchise Agreements with exhibits and addenda is annexed hereto as Exhibit A.)

10. Section 21.1 of the Franchise Agreements states all disputes and controversies between the parties "including allegations of fraud, misrepresentation and violation of any state or federal laws, rules or regulations, arising under, as a result of, or in connection with this [Franchise] Agreement, the PMA Studio or the Franchisee's Studio are subject to and will be resolved exclusively by arbitration conducted according to the then current commercial arbitration rules of the American Arbitration Association." Arbitrations must be conducted in Knox County, Tennessee, unless otherwise mutually agreed by the parties. (*See* Franchise Agreements Sec. 21.4.)

11. The parties also agreed that their "respective officers, directors, owners and/or personal guarantors will have the right to join in, become a party [to], litigate or participate in

any arbitration proceeding" arising under the Franchise Agreements. (*See* Franchise Agreements Sec. 21.7.)

12. Because Section 21.1 of the Franchise Agreements designated application of the AAA's Commercial Rules, any disputes regarding the scope, enforceability, validity of the arbitration agreement, including which parties are entitled to enforce it, must be decided by the arbitrator, not a court.

13. Section 21.16 of the Franchise Agreements also provides that if a party seeks to "enforce this Agreement in a judicial or arbitration proceeding, the party prevailing in such proceeding will be entitled to reimbursement of its costs and expenses, including reasonable accounting and attorneys' fees. Attorneys' fees will include, without limitation, reasonable legal fees charged by attorneys, paralegal fees, and costs and disbursements, whether incurred prior to, or in preparation for, or contemplation of, the filing of written demand or claim, action, hearing, or proceeding to enforce the obligations of the parties under this Agreement."

14. The parties' written arbitration agreement is valid, has not been revoked, and is enforceable upon such grounds as exist at law or in equity.

15. The parties' written arbitration agreement appears in a contract evidencing a transaction involving interstate commerce. It also specifically provides that "Any issue regarding arbitration will be governed by the Federal Arbitration Act and the federal common law of arbitration." (*See* Franchise Agreements Sec. 21.9.)

16. The making of the arbitration agreement is not at issue. Nor is any failure to comply therewith.

17. Petitioner is not in default in proceeding with the arbitration by failing, neglecting, or refusing to arbitrate under the parties' written agreement to arbitrate.

4

Case 3:23-cv-00239-CEA-JEM   Document 1   Filed 07/07/23   Page 4 of 8   PageID #: 4

### Respondent's Failure And Refusal To Arbitrate

18. Notwithstanding the parties' agreement to arbitrate their disputes, on or about May 18, 2023, Respondent named Petitioner as a defendant in the State Court Lawsuit. (A copy of the State Court Complaint (without exhibits) is attached hereto as Exhibit B.)

19. The State Court Complaint alleges, in substance, that Petitioner and others fraudulently induced Respondent to enter into the Franchise Agreements and then provided inadequate support to Respondent after they did so. In the State Court Complaint, Respondent purport to plead the following claims against Petitioner: Fraudulent inducement (Count I), negligent misrepresentation (Count II), constructive fraud (Count III), civil conspiracy (Count IV), negligence per se (Count VIII), and indemnity (Count XI).

20. Respondent has failed and refused to submit her disputes to arbitration in accordance with the terms of the parties' written arbitration agreement.

21. The allegations set forth in the State Court Complaint arise under, as a result of, or in connection with the Franchise Agreements and the franchise relationship and therefore fall within the scope of the parties' written arbitration agreement. In addition, the agreement to arbitrate delegates any disputes concerning its interpretation, scope, or enforceability, and the proper parties to any arbitration proceeding, to an arbitrator, not a court, for determination.

### Specific Relief to Compel Arbitration and Enjoin Claim Prosecution

22. Respondent's attempt to litigate her disputes constitutes a failure, neglect and/or refusal on their part to arbitrate in accordance with the parties' written arbitration agreement.

23. Unless compelled to arbitrate, Respondent will continue to attempt to prosecute the State Court Lawsuit or otherwise pursue arbitrable claims in court, in violation of her contractual obligation to arbitrate.

24. Absent an order compelling arbitration and enjoining Respondent from violating her obligation to arbitrate, Petitioner will suffer irreparable harm.

25. Petitioner has no adequate remedy at law.

26. No previous Petition has been made for the relief requested herein with respect to Respondent.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Petitioner, Myles Baker, respectfully prays for the following relief against Respondent:

A. An order pursuant to Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §4, made in the manner provided by law for the making and hearing of motions, compelling Respondent to arbitrate the disputes set forth in the State Court Complaint in accordance with the terms of the parties' arbitration agreement;

B. An order enjoining Respondent, and anyone acting in active concert or participation with her, from prosecuting (other than in arbitration) any claims against him that arise under, as a result of, or in connection with the Franchise Agreements, including without limitation the claims asserted against him in the State Court Lawsuit;[1] and

C. Such other relief as the Court deems just and proper.

[Signature line on next page]

---

[1] This is not the first time Petitioner has had to enforce his arbitration rights before this Court in connection with claims brought by Premier Martial Arts® franchisees. *See William Anthony, et al. v. Unleashed Brands, LLC, et al.*, Case No. Case No. 3:22-cv-00416 (E.D. Tennessee) [ECF Nos. 122, 164]. Because of the volume of the briefing that has already been submitted on the arbitrability of these claims, Petitioner respectfully requests that, after this proceeding is assigned, a status conference be scheduled to address the most efficient way to submit briefing in this matter.

Dated: July 7, 2023

/s/ Janet Strevel Hayes
John R. Tarpley, BPR No. 9661
LEWIS THOMASON, P.C
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, TN 37219
jtarpley@lewisthomason.com

Janet Strevel Hayes, BPR No. 018028
LEWIS THOMASON, P.C
620 Market Street, 5th Floor
P.O. Box 2425
Knoxville, TN 37901
jhayes@lewisthomason.com

By: /s/ Bethany L. Appleby *(pro hac vice motion to be submitted)*
DLA PIPER LLP (US)
33 Arch Street, Suite 2600
Boston, MA 02110
Telephone: 617-406-6048
bethany.appleby@us.dlapiper.com

Norman M. Leon *(pro hac vice motion to be submitted)*
DLA PIPER LLP (US)
444 West Lake Street, Suite 900
Chicago, IL 60606-0089
Telephone: 312-368-2192
norman.leon@us.dlapiper.com

## COST BOND

We acknowledge ourselves as surety for all costs and taxes adjudged against the Plaintiff in accordance with Tennessee Code Annotated section 20-12-120, *et seq.*

                                            Lewis Thomason, P.C.

                                            By: /s/ Janet Strevel Hayes